IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TERRELL WEST,** | Case Number 1:14 CV 316 |
| Petitioner, | Judge Benita Y. Pearson |
| v. | REPORT AND RECOMMENDATION |
| **CHRISTOPHER LAROSE, WARDEN,** | |
| Respondent. | Magistrate Judge James R. Knepp II |

## INTRODUCTION

*Pro se* Petitioner Terrell West, a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Christopher LaRose filed a Motion to Dismiss (Doc. 6), which Petitioner opposed (Doc. 19).

The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated February 24, 2014). For the reasons discussed below, the undersigned recommends Respondent's Motion to Dismiss be granted.

## FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings were erroneous. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. Ohio's Eighth District Court of Appeals set forth the following findings of fact:

In August 2006, West was charged with multiple counts of rape, kidnapping, felonious assault, and gross sexual imposition involving his minor cousin, K.R. The original indictment alleged that the offenses occurred between September 1998 and June 2004. However, K.R., who was less than 13 years of age at the time the offenses were committed, did not report the crimes until several years later.

(Doc. 6-1, Ex. 24).

## PROCEDURAL HISTORY

### *Trial Court Proceedings*

Petitioner was indicted in May 2006 on five counts of rape under O.R.C. § 29.07.02(A)(1)(b); five counts of kidnapping under O.R.C. § 2905.01(A)(2) and/or (A)(4); one count felonious assault under O.R.C. § 2903.11(A)(1); and one count gross sexual imposition under O.R.C. § 2907.05(A)(4). (Doc. 6-1, Ex. 1). Petitioner pled not guilty to all charges. (Doc. 6-1, Ex. 2).

Prior to trial, Petitioner, through counsel, filed a motion to dismiss all twelve counts of the indictment pursuant to Crim. R. 12(C)(2) on the basis that the indictment was not sufficiently specific. (Doc. 6-1, Ex. 3). The trial court denied the motion and the case proceeded to trial. (Doc. 6, at 3). At the conclusion of the case, Petitioner moved for Judgment of Acquittal pursuant to Ohio Crim. R. 29 which the court granted with respect to count nine, felonious assault, and denied for all other counts. (Doc. 6-1, Ex. 4). Thereafter, the jury returned a verdict of guilty on all of the remaining counts. (Doc. 6-1, Ex. 5). The court sentenced Petitioner to an aggregate sentence of life in prison. (Doc. 6-1, Ex. 6).

### *Direct Appeal*

Petitioner, through new counsel, filed a notice of appeal on July 25, 2007. (Doc. 6-1, Ex. 7). Petitioner raised twenty assignments of error in his Brief, including that he was denied due

2

process of law and a fair trial when the trial court allowed testimony from a nurse practitioner that bolstered the testimony of the victim. (Doc. 6-1, Ex. 8). The state filed a brief in response (Doc. 6-1, Ex. 9), and Petitioner replied (Doc. 6-1, Ex. 10).

On April 14, 2008, the Eighth District Court of Appeals remanded the case to the trial court because it had not resolved the sexually violent predator specifications included in counts two, three, five, seven, ten, and twelve. (Doc. 6-1, Ex. 11). On May 9, 2008, the court of common pleas entered a *nunc pro tunc* entry dismissing the sexually violent predator specification in all counts. (Doc. 6-1, Ex. 11).

On October 20, 2008, the court of appeals issued its decision sustaining Petitioner's assignment of error challenging the admission of the nurse practitioner's testimony and remanding the case for a new trial. (Doc. 6-1, Ex. 12).

***Petitioner's Second Trial***

Upon remand, Petitioner filed a motion to dismiss on the ground that he was denied a speedy trial during the first trial and objecting to an attempted amendment of the grand jury indictment. (Doc. 6-1, Ex. 13). The state opposed (Doc. 6-1, Ex. 14) and dismissed the sexual violent predator specifications and felonious assault count, as had been done in the previous trial (Doc. 6-1, Ex. 15).  The court denied Petitioner's motion to dismiss (Doc. 6-1, Ex. 15) and the case proceeded to trial. On June 5, 2009, a mistrial was declared after the jury was unable to reach a verdict. (Doc. 6-1, Ex. 16).

***Third Trial***

Prior to the third trial, on March 30, 2010, the state amended the indictment to narrow the dates the alleged crimes were committed because it had become evident that the offense could not have been committed prior to June 23, 2000. (Doc. 6-1, Ex. 17). Once again, the court

journalized the dismissal of the felonious assault count and the sexually violent predator specifications, in accordance with the previous trials. (Doc. 6-1, Ex. 18).  On April 21, 2010, the jury found Petitioner guilty on all remaining counts of the indictment. (Doc. 6-1, Ex. 190). On May 28, 2010, the court sentenced Petitioner to five consecutive life terms. (Doc. 6-1, Ex. 20).

***Direct Appeal of New Trial***

On June 25, 2010, Petitioner, through counsel, filed a notice of appeal of the new trial decision. (Doc. 6-1, Ex. 21). Petitioner raised the following assignments of error on appeal:

1. The trial court erred in allowing the state of Ohio to amend the dates contained in the indictment to conform to the prior testimony thereby denying defendant due process of law.

2. The trial court erred in allowing evidence from nurse practioner [sic], Laura McAliley, enhancing the credibility of Kenneth Robinson, Jr.

3. Appellant's convictions are against the manifest weight and sufficiency of the evidence.

4. Defendant was denied due process of law when the defendant was not bound over from the juvenile court.

5. The trial court erred in when it amended the indictment, bill of particulars and jury verdicts to include specific references to certain locations which in effect, assumed the existence of those facts.

6. The trial court erred in sentencing defendant to consecutive terms of incarceration thus subjecting him to multiple punishments.

7. The defendant was denied procedural due process in that the jury deliberation process was prejudicially affected by concerns over the personal travel plans of the individual jurors and the verdict did not represent the result of careful consideration.

(Doc. 6-1, Ex. 22).

The state filed a response. (Doc. 6-1, Ex. 23). On July 12, 2012, the Eighth District Court of Appeals affirmed the decision of the trial court. (Doc. 6-1, Ex. 24). Petitioner failed to perfect a timely appeal to the Supreme Court of Ohio and his conviction became final 45 days later on

August 26, 2012. 28 U.S.C. § 2244(d)(1)(A); Ohio S. Ct. Prac. R. II, § 7.01(A)(1)(a) (notice of

appeal to Ohio Supreme Court must be filed within 45 days of the entry of judgment).

On December 5, 2012, Petitioner, *pro se*, filed a motion for delayed appeal along with a

notice of appeal. (Doc. 6-1, Exs. 25, 26). On January 23, 2013, the Ohio Supreme Court denied

Petitioner's motion for delayed appeal and dismissed the case. (Doc. 27).

## FEDERAL HABEAS CORPUS

On February 13, 2014,[1] Petitioner, *pro se*, filed the instant Petition for habeas corpus,

asserting the following grounds for relief:

> **GROUND ONE**: The trial court allowed the State of Ohio to amend the
> indictment dates, and the bill of particulars after new evidence was brought to the
> second trial proving the impossibility of the alleged offenses. The state of Ohio
> knew of this evidence prior to the second trial and had ample time to
> amend/reindict [sic] or go to a grand jury but the state chose not to. So when the
> second trial commenced and the alleged victim gave sworn testimony the
> defendant showed the new evidence to the alleged victim, thus causing the alleged
> victim to dramatically change his story resulting in a mistrial. Now that the trial
> courts allowed the amendments of the indictment and bill of particulars. In prior
> sworn testimony the alleged victim stated that the alleged allegations stopped a
> certain age, now with the new amendment the allegations started at the age it was
> supposed to have stopped.
>
> **GROUND TWO:** The trial court allowed the State of Ohio to provide
> opinionated testimony from nurse practitioner Laura McAliley enhancing the
> credibility of the alleged victim. This is the same nurse practioner [sic] whose
> prior testimony resulted in a reversal and remand of the first trial. In this third trial
> her testimony remains the same just worded differently. Even through her
> examinations found nothing to agree with the alleged offenses she was also
> allowed to give her own explanation as to why she might not find anything, based
> solely from opinion and not fact.
>
> **GROUND THREE:** The convictions are against the manifest weight and
> sufficiency of the evidence. No evidence was found by the nurse practitioner
> given to the Cleveland police and Euclid police departments, to the nurse
> practioner [sic], to the first trial, second trial and dramatically in the third trial.
>
> **GROUND FOUR:** The defendant was not bound over from juvenile court. The
> new amended indictment alleged the offenses occurred between June 1st, 2000 to

---

1. No execution date was listed. (Doc. 1).

June 1st, 2004, The defendant did not turn eighteen united June 20th 2001, But the original indictment states the alleged offenses occurred from September 1st 1998 to June 1st 2004 which would have made the defendant fifteen years old at the time of the first three counts of the original indictment.

**GROUND FIVE:** The trial court amendended [sic], the indictment, bill of particulars, and jury verdicts to include specific refrencences [sic] to certain locations which assumed their existence, these are alleged allegations by the alleged victim. This was up to a jury to determine who they believe and what facts they believe. It is not the trial court's job to help sway the jury. The indictment itself did not include areas of these locations. So the trial court shouldn't be allowed to.

**GROUND SIX:** The trial court sentenced the defendant to consecutive terms of imprisonment [sic] due to the outcry of the alleged victim's family, even without taking into consideration that there was no evidence. The defendant has no juvenile or adult history on record. The only charges in the first trial to the third trial is the new evidence on behalf of the defendant proving the impossibility of the alleged crimes.

**GROUND SEVEN:** The jury deliberation process was prejudicially affected by concerns over personal travel plans of the individual jurors and the verdict did not represent careful consideration. On April 20th 2010, the trial was given to the jury where they went and picked a jury where they went and picked a jury foreman and went home for the day cause they were tired. On April 21st 2010 was the first day of deliberation, late afternoon of the 21st of April 2010 the jury foreperson sent a letter to the trial judge stating the travel concerns of two of the jury members that was supposed to go to San Francisco on April 22nd and 23rd 2010 respectivly [sic], at that point it was stated "At this point, we are not close to a decision. What should we do?" The court told the jury to keep deliberating. The trial court never let the jury know what it would do about this problem thus leaving even more stress on not only those two jury members but the whole jury. For all we know those members could have been voting not guilty.

**GROUND EIGHT:** The adversarial testing processes were turned into meaningless rituals, Presumptively unreliable. While judge, prosecutor and attorney act as parts of organ of state. (1) Sidebars, for issues substantial and material to guilt/innocence, Constitutional rights and processes were never recorded, afforded meaningful litigation, and the defendant was denied his right to be present. (2) Misconduct defenses were abandoned. (3) Evidence abandoned.

**GROUND NINE:** Attorney acted part of organ of state by keeping defendant from his compulsory processes and interposing herself between defendant and defenses 1) alibi; 2) actual factual and legal innocence.

**GROUND TEN:** Judge and attorney interposed themselves between defendant and defenses of impeachment of supposed victim, also acting part of organ of state while prosecution subporn [sic] perjury.

(Doc. 1).

**MOTION TO DISMISS**

Respondent moved to dismiss the Petition as untimely (Doc. 6) and Petitioner opposed

(Doc. 19).

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), there is

generally a one-year period in which a prisoner in state custody may file a petition for habeas

relief in federal court:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. Under Rule 6(a)(1)(A), the statutory clock starts the day after the triggering

event. Fed.R.Civ.P. 6(a)(1)(A).

7

The state appellate court affirmed Petitioner's convictions on July 12, 2012. (Doc. 6-1, Ex. 24). Petitioner's convictions became "final" 45 days later. 28 U.S.C. § 2244(d)(1)(A); Ohio S. Ct. Prac. R. II, § 7.01(A)(1)(a); *see also Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005) (one-year period begins to run on expiration of the 45-day period under which review could have been sought by Ohio Supreme Court). This "1-year period" began August, 26, 2012, and ran for 101 days – through December 5, 2012, at which time it was tolled.

Respondent acknowledges, citing *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001), that the statute of limitations was tolled from December 6, 2011 until January 23, 2013, while the Ohio Supreme Court considered Petitioner's motion for delayed appeal. Pursuant to 28 U.S.C. § 2244(d)(2), motions for delayed appeal to the Ohio Supreme Court, as matters of post-conviction or collateral review, toll the statute while they are pending. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (citing *Searcy*, 246 F.3d at 519); *see also Lawrence v. Florida*, 549 U.S. 327, 329 (2007) (statute is tolled under § 2244(d)(2) while state post-conviction or collateral review proceedings are "pending"); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) ("[A]n application is pending as long as the ordinary state collateral review process is in continuance – *i.e.*, until the completion of that process." (internal quotations omitted)). Respondent then contends the statute ran the remaining 264 days from January 24, 2013 to October 14, 2013, when it expired.

Respondent's analysis of the timing is correct and Petitioner's February 13, 2014 filing of this Petition is untimely unless Petitioner can demonstrate some reason for equitably tolling the statute.

***Equitable Tolling***

Liberally construed, Petitioner argues for equitable tolling in his response to Respondent's motion to dismiss because of the appellate court's "repeated granting of continuances" and

8

because his counsel, on appeal, did not adequately inform him of his rights. (Doc. 19, at 4-7). *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction".)

Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). To demonstrate he is entitled to equitable tolling, a habeas petitioner must establish: (1) he has diligently pursued his rights; and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *see also Robinson*, 424 F. App'x at 442 (explaining that prior to *Holland*, the Sixth Circuit used the five factors elicited in *Dunlap v. U.S.*, 250 F.3d 1001 (6th Cir. 2001) to determine equitable tolling under AEDPA). Such equitable tolling however, is rare, granted sparingly, and evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

Petitioner has not shown entitlement to equitable tolling in this case. An inmate's lack of legal training, poor education, and even illiteracy do not provide reason to toll the statute of limitations or excuse late filing. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The Sixth Circuit has "repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

Second, although a credible claim of actual innocence will equitably toll the § 2244(d)

9

limitations period, *see Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005), Petitioner's claim that there was insufficient evidence to support a guilty verdict or that he is o t h e r w i s e  not guilty does not amount to a credible, actual innocence claim. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623-24 (1998); *Schlup v. Delo*, 513 U.S. 298, 324  (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has not presented any new evidence. Therefore, there are no reasons presented to permit equitable tolling to excuse Petitioner's untimely filing.

Petitioner has not pointed to any extraordinary circumstance that kept him from timely filing nor has he raised a credible claim of actual innocence. Therefore, his Petition should be dismissed as time-barred.

CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the Court grant Respondent's Motion to Dismiss the Petition as time-barred.

 s/James R. Knepp II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).