PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERRELL WEST,                      )
                                   )      CASE NO. 1:14cv316
            Petitioner,            )
                                   )
      v.                           )      JUDGE BENITA Y. PEARSON
                                   )
CHRISTOPHER LAROSE,                )
                                   )      **MEMORANDUM OF OPINION AND**
            Respondent.            )      **ORDER** [Resolving ECF No. 23]


       Pending before the Court is *pro se* Petitioner Terrell West's Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  United States Magistrate James R. Knepp II

prepared a report in accordance with 28 U.S.C. § 636(b)(1)(B) and recommended that the habeas

petition be denied.  ECF No. 20.  Petitioner timely filed an Objection to the report and its

recommendations.  ECF No. 23.  The Court has reviewed the above filings, the relevant portions

of the record, and the governing law.  For the reasons provided below, the Court overrules

Petitioner's Objection, adopts the report and its recommendation, and denies the habeas petition.

## I.  Factual and Procedural History

       On August 28, 2006, a Cuyahoga County Grand Jury indicted Petitioner with five counts

of rape, five counts of kidnapping, one count of felonious assault, and one count of gross sexual

imposition.  ECF No. 6-1 at 4–16.  Petitioner pleaded not guilty and proceeded to trial.  At the

conclusion of the prosecution's case-in-chief, Petitioner successfully moved to dismiss the

(1:14cv316)

felonious assault charge.  _Id._ at 21.  The trial court denied Petitioner's motion as to all other

charges.  ECF No. 6-1 at 21.  A jury returned a guilty verdict on all remaining counts, and

Petitioner was sentenced to five consecutive life sentences.  _Id._ at 22–23.

     Petitioner timely appealed the trial court's decision.  _Id._ at 24.  The state appellate court

sustained one of Petitioner's twenty assignments of error and remanded the case for a new trial.

_Id._ at 150.  During Petitioner's second trial, the jury was unable to reach a verdict.  _Id._ at 179.

     On March 30, 2010, the prosecution amended the indictment to narrow the time in which

Petitioner had committed the charged offenses.  _Id._ at 180.  Petitioner, now represented by

Attorney Carolyn Kaye Ranke, proceeded to trial a third time.  On April 21, 2010, the jury found

Petitioner guilty of rape, kidnapping, and gross sexual imposition.  _Id._ at 182.  The trial court

sentenced Petitioner to five consecutive life sentences on May 28, 2010.  _Id._ at 183.

     Petitioner filed a timely notice of appeal on June 25, 2010.  _Id._ at 185.  Petitioner's

attorney then filed a series of motions seeking to extend the time in which to file assignments of

error.  _See id._ at 338–39 (granting extensions on August 31st, October 1st, November 4th, and

December 8th, 2010).  Counsel requested the leave in connection with her treatment for cancer.

Although counsel had informed Petitioner of the diagnosis, she did not request leave for

withdrawal from representing Petitioner.  ECF No. 23-1 at 2.  Counsel did not comply with the

appellate court's final extension, and the appeal was dismissed _sua sponte_ on December 17, 2010

for failure to file an appellate brief.  ECF No. 6-1 at 338.  Ranke was later suspended from

practice in the state of Ohio for similar misconduct on September 22, 2011.  _Disciplinary_

_Counsel v. Ranke_, 956 N.E.2d 288, 292 (Ohio 2011) (suspending Ranke's license indefinitely

(1:14cv316)

because attorney misused client trust account, failed to file appellate brief in [an unrelated]

criminal appeal, and failed to cooperate in disciplinary investigation).

On January 26, 2012, Attorney Tyresha Brown-O'Neal entered an appearance on behalf

of Petitioner and moved the state appellate court to reconsider its *sua sponte* dismissal.  ECF No.

6-1 at 338.  The appellate court granted Petitioner's motion to reconsider, but ultimately affirmed

Petitioner's conviction and sentence on July 12, 2012.  *Id.* at 260.  Petitioner did not file a

discretionary appeal with the Ohio Supreme Court at this time; therefore, Petitioner's conviction

became final for AEDPA purposes on August 26, 2012 when Petitioner failed to file an appeal

within forty-five days of the appellate court's entry of judgment.  Sup. Ct. Prac. R. 7.01(A)(1)(a).

Petitioner, proceeding *pro se*, filed a delayed notice of appeal with the Ohio Supreme

Court on December 5, 2012.  ECF No. 6-1 at 278.  The Ohio Supreme Court denied Petitioner's

motion on January 23, 2013.  *Id.* at 305. Over one year later, on February 13, 2014, Petitioner,

proceeding *pro se*, filed the present federal habeas petition.  ECF No. 1.  Respondent filed a

motion to dismiss.  ECF No. 6.  Petitioner opposed.  ECF No. 19.  United States Magistrate

Judge James R. Knepp II issued a report and recommendation in accordance with 28 U.S.C. §

636(b)(1)(B), in which he recommended that the Court grant Respondent's motion to dismiss, as

the petition is time-barred.  ECF No. 20 at 10.  Specifically, the magistrate judge found that

Petitioner had failed to file a petition before the expiration of the one-year statute of limitations,

and that Petitioner had failed to demonstrate either an extraordinary circumstance or actual

innocence justifying equitable tolling.  Petitioner timely filed an objection.  ECF No. 23.

3

(1:14cv316)

## II.  Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to a magistrate judge's Report and Recommendation,

the district court's standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has
> been properly objected to.  The district judge may accept, reject, or modify the
> recommended disposition; receive further evidence; or return the matter to the
> magistrate judge with instructions.

*Id.*  Near verbatim regurgitation of the arguments made in earlier filings are not true objections.

When an "objection" merely states disagreement with the magistrate judge's suggested

resolution, it is not an objection for the purposes of this review.  *Cvijetinovic v. Eberlin*, 617

F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010).

Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b).  *See Jones v.*

*Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006).  "A party who files

objections to a magistrate [judge]'s report in order to preserve the right to appeal must be

mindful of the purpose of such objections: to provide the district court 'with the opportunity to

consider the specific contentions of the parties and to correct any errors immediately.'"  *Id.*

(citing *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)).  The Supreme Court upheld this

rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

## III.  Law and Analysis

"Procedural barriers, such as statutes of limitations and rules concerning procedural

default and exhaustion of remedies, operate to limit access to review on the merits of a

constitutional claim."  *Daniels v. United States*, 532 U.S. 374, 381 (2001); *see also United States*

*v. Olano*, 507 U.S. 725, 731 (1993) (observing that constitutional rights may be forfeited by the

(1:14cv316)

failure to make a timely assertion of the right).  In general, a state prisoner seeking habeas corpus

relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in

28 U.S.C. § 2244, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of
>> direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by
>> State action in violation of the Constitution or laws of the United States is
>> removed, if the applicant was prevented from filing such State action;
>>
>> (C) the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court, if the right has been newly recognized
>> by the Supreme Court and made retroactively applicable to cases on
>> collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction
> or other collateral review with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition

for post-conviction relief is pending before the state courts.  *Jurado v. Burt*, 337 F.3d 638, 640

(6th Cir. 2003) (quoting 28 U.S.C. § 2244(d)).  The tolling provision does not reset the

limitations period, however; "it can only serve to pause a clock that has not yet fully run.  Once

the limitations period is expired, collateral petitions can no longer serve to avoid a statute of

5

(1:14cv316)

limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Under limited circumstances, AEDPA's statute of limitations may be subject to equitable tolling.  *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 646 (2010)).  The doctrine of equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted).  The doctrine is one that is used sparingly.  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000).  Equitable tolling is limited to those extraordinary circumstances when a habeas petitioner can establish he is entitled to equitable tolling.  In order to carry this burden, a petitioner must show that he has been pursuing his or her rights diligently, but some extraordinary circumstance has prevented timely filing.  *Holland*, 560 U.S. at 646  The diligence required to satisfy petitioner's burden needs to be "reasonable," not "maximum feasible." *Id.* at 653.

Petitioner objects to the magistrate judge's finding that he had not shown an exceptional circumstance entitling him to equitable tolling.  Petitioner argues that ineffective assistance of counsel is a structural error that entitles him to equitable tolling.  According to Petitioner, Attorney Ranke was ineffective because her representation as both trial and appellate counsel constitutes "silent waiver of possible ineffective assistance of trial retained counsel, [with Attorney Ranke] being the same in both instances." ECF No. 23 at 3.  Petitioner also argues that

6

(1:14cv316)

all appearances entered by Ranke, including the multiple continuances, the notice of appeal, and

referrals are "void ab initio" due to her failure to "disclose a suspension to practice law in Ohio."

ECF No. 23 at 3–4.

Petitioner's assertions, even if accepted as true,[1] do not satisfy the standard for equitable

tolling.  Ranke's (allegedly) deficient performance during direct appeal in *state-court*

proceedings does not impact Petitioner's ability to pursue *federal* post-conviction relief in a

timely manner.  *Holland*, 560 U.S. at 650 ("Equitable tolling . . . asks whether federal courts may

excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not

implicate a state court's interpretation of state law.") (emphasis added).  The docket reflects that

Petitioner had obtained new counsel by, at latest, January 26, 2012.  ECF No. 6-1 at 302.

AEDPA's statute of limitations did not begin to run until August 26, 2012, the date by when

Petitioner was required, pursuant to Sup. Ct. Prac. R. 7.01(A)(1)(a), to file a notice of appeal

with the Ohio Supreme Court.  *See* 28 U.S.C. § 2244(d)(1)(A) (setting the date of "the expiration

of the time for seeking [direct] review" as a starting point for AEDPA's statute of limitations).

Accordingly, Ranke's involvement with Petitioner's direct appeal terminated prior to the time

when AEDPA's statute of limitations began to run.  There are no facts in the record that suggest

Ranke's performance as counsel prevented Petitioner from filing his petition in a timely manner.

---

[1]  Petitioner's assertion that Ranke was not licensed to practice in Ohio during her representation of Petitioner is indisputably untrue.  Ranke's representation of Petitioner ceased when the state appellate court *sua sponte* dismissed Petitioner's appeal on December 17, 2010. ECF No. 6-1 at 338.  Ranke's license was not suspended until September 22, 2011, a full nine months later.  *Disciplinary Counsel v. Ranke*, 956 N.E.2d 288 (Ohio 2011).  Ranke could practice law in Ohio prior to the date of her suspension, including the time when she was representing Petitioner in his direct appeal.

7

(1:14cv316)

*Cf. Holland*, 560 U.S. at 653–54 (remanding case to lower court in order to determine whether counsel's failure to file a timely petition for a writ of habeas corpus was "extraordinary" when petitioner repeatedly mailed counsel to remind him of AEDPA's statute of limitations that counsel had incorrectly ignored). Petitioner's Objection is overruled.

### IV. Conclusion

Plaintiff's Objection (ECF No. 23) is overruled and the Report and Recommendation (ECF No. 20) of the magistrate judge is hereby adopted and Respondent's motion to dismiss is granted. Terrell West's Petition for a Writ of Habeas Corpus is dismissed as time-barred by 28 U.S.C. § 2244. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

 March 24, 2015                              /s/ Benita Y. Pearson                  
Date                                       Benita Y. Pearson
                                           United States District Judge

8