PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TERRELL WEST, | ) |
|       Petitioner, | ) CASE NO. 1:14CV316 |
| v. | ) JUDGE BENITA Y. PEARSON |
| CHRISTOPHER LAROSE, | ) |
|       Respondent. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF Nos. 33, 34] |

Pending before the Court are Petitioner's Application for a Certificate of Appealability (ECF No. 33) and Motion to Appeal *in forma pauperis* (ECF No. 34). For the following reasons, the Court denies the Application for a Certificate of Appealability, and denies the Motion to Appeal *in forma pauperis* without prejudice to refiling in the pending Sixth Circuit case.

**I. Application for a Certificate of Appealability (ECF No. 33)**

*Pro se* Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a Motion to Dismiss. ECF No. 6. The case was referred to Magistrate Judge James R. Knepp, II, who issued a Report recommending that the Court grant Respondent's Motion to Dismiss, as the Petition was time-barred. ECF No. 20. The Court adopted the Report and overruled Petitioner's objections. ECF No. 24. At that time, the Court certified that an appeal from this decision could not be taken in good faith, and there was no basis upon which to issue a certificate of appealability. *Id.* at PageID #: 426.

(1:14CV316)

Petitioner appealed the Court's decision. ECF No. 26. The Sixth Circuit denied his application for a certificate of appealability. ECF No. 28.

Petitioner then filed a Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b). ECF No. 29. The Court denied the Motion, finding that Petitioner had not demonstrated a basis for relief under Rule 60(b). Petitioner now appeals the Court's decision to deny his Rule 60(b) Motion, arguing that he was denied due process. ECF No. 33.

As the Supreme Court held in *Miller-El v. Cockrell*, 537 U.S. 322 (2003):

> [A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253. Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a [certificate of appealability]. . . . [U]ntil a [certificate of appealability] has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners.

*Id.* at 335–36. A certificate of appealability is also a prerequisite for a habeas petitioner's appeal of the denial of a Rule 60(b) motion. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007).

A certificate of appealability shall issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the district court denied the habeas petition on the merits, then the applicant must show that "reasonable jurists could debate whether" it "should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied the petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the applicant shows that jurists of reason would find debatable

2

(1:14CV316)

(1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the district court was correct in its procedural ruling. *Id*.

In this case, the Court denied Petitioner's claims on both substantive and procedural grounds. The Court determined that Petitioner was time-barred from bringing a claim under Rule 60(b)(1), 60(b)(2), and 60(b)(3), and that he had not established grounds for relief under Rule 60(b)(4), 60(b)(5), or 60(b)(6). ECF No. 31.

Petitioner's application for a certificate of appealability largely reiterates arguments made in his previous filings, and he has not "made a substantial showing of the denial of a constitutional right" or demonstrated that reasonable jurists could debate whether his claim should have been resolved differently. There is no debate that his Rule 60(b)(4), (5), and (6) claims were properly denied. There is no evidence that the Court's judgment was void, warranting relief under Rule 60(b)(4), that the judgment has been satisfied, released or discharged to justify relief under Rule 60(b)(5), or some other basis for relief under Rule 60(b)(6). Nor has Petitioner demonstrated reasonable debate over the resolution of his Rule 60(b)(1), (2), or (3) claims. Even if Petitioner could show a valid claim of the denial of a constitutional right, there is no dispute that Petitioner's claims for relief under Rules 60(b)(1), (2), or (3) were time-barred.

For these reasons, the Court denies Petitioner' application for a certificate of appealability.

3

(1:14CV316)

## II. Motion to Appeal *in forma pauperis* (ECF No. 34)

Petitioner's Motion to Appeal Motion to Appeal *in forma pauperis* (ECR No. 34) is denied without prejudice to refiling in Case No. 17-3312 pending in the Sixth Circuit.

## III. Conclusion

For the foregoing reasons, the Court denies the Application for a Certificate of Appealability and denies the Motion to Appeal *in forma pauperis* without prejudice to refiling in the pending Sixth Circuit case.

IT IS SO ORDERED.

| | |
|---|---|
| May 19, 2017 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |